Carlos CASTRO, Plaintiff–Appellant,

v.

Cal TERHUNE, Director; G. Bonnie Garibay; J. Batchelor; S.C. Wolhwend; Robert J. Ayers, Jr., Warden; A. Scribner; J. Stokes; E. Derusha, Correctional Officer; M. Yarborough; L. Hood; C. Campbell, A.M. Gonzales; M. Ayala; J. Martinez, Defendants–Appellees.

No. 06–15756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed May 24, 2007.

Carlos Castro, Crescent City, CA, pro se.

Matthew D. Mandelbaum, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

MEMORANDUM *

California state prisoner Carlos Castro appeals the district court's order granting summary judgment to the defendant prison officials in his action under 42 U.S.C. § 1983. A prior panel of this court had directed the district court to make findings regarding (1) which officials actually make the decision to confine prisoners to administrative segregation in the SHU and (2) whether Castro in fact received a meaningful opportunity to present his views to them on the issue of validation. *See Castro v. Terhune,* 29 Fed.Appx. 463, 465 (9th Cir.2002). Castro argues that the district court did not explicitly make these findings. Further, even if the order implicitly contained those findings, he argues that summary judgment was inappropriate. Though we read the district court's order to contain the required findings, we agree with Castro that there are triable issues of fact. Accordingly, we reverse.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ It is clear from the order that the district court did make the findings required by the prior decision of this court. First, the district court properly followed the panel's direction to identify the "critical" decisionmaker by determining who "actually" made the decision regarding his classification. *See id.* The district court determined that Assistant Investigator Ayala made the decisions at the "critical stage" and observed that the investigator is generally recognized to be the critical decisionmaker. As to the due process finding, Castro points out that the district court did not use the words "meaningful opportunity" in its order. The prior panel established, however, that due process requires only that the prisoner be able to express his views, *see id.*, and the district court found that Castro was given a chance to express his views to Ayala. Therefore, even without explicit markers, the district court stated both required findings sufficiently to satisfy the prior panel's instructions.

■ Nevertheless, we hold that the district court erred in granting summary judgment to the defendants because there were triable issues of fact regarding both of these findings. The person legally charged with deciding whether to transfer Castro was the Institutional Gang Investigator, who in this case was Lt. Gonzales. *See Toussaint v. McCarthy,* 926 F.2d 800, 803 (9th Cir.1990) (quoting *Hewitt v. Helms,* 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)); *see also Madrid v. Gomez,* 889 F.Supp. 1146, 1276 (N.D.Cal. 1995). Though *Toussaint* emphasized that the critical decisionmaker must be the person who actually, not just theoretically, determines the prisoner's status, *see Toussaint,* 926 F.2d at 803, the evidence does not unambiguously support a conclusion that Ayala was the actual decisionmaker and Gonzales just a rubber stamp. In his declaration, Ayala indicates that he worked in conjunction with Gonzales, and consistently describes his role as that of an assistant. It is clear from the record that both Ayala and Gonzales were involved in the process of determining Castro's fate— both signed his validation package—but it is not clear who had the "critical" decision-making authority.

■ We also identify triable issues of fact regarding whether Castro received due process. The record does not support the district court's conclusions that Castro had an opportunity to meet with either Ayala or Gonzales. Castro directly contests Ayala's statements that he was present at both ICC hearings, and Ayala's declarations do not specifically support the assertion that a meeting occurred in a room next to Gonzales's office. The district court's reading of Castro's 2005 declaration, which appears to be phrased in response to the defendants' own papers, is unwarranted, especially in light of Castro's repeated statements that he never met with either Ayala or Gonzales. In short, Ayala's brief, vague statements that he met with Castro are not enough to extinguish Castro's consistent protests to the contrary.

In light of these triable issues of fact, the district court's order granting summary judgment is

REVERSED AND REMANDED.